UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WAYNE WHITTED,

    Plaintiff,

v.

                                                    Case No. 4:25-cv-13286
                                                    Hon. F. Kay Behm

MONROE COUNTY JAIL, ET AL,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

The United States District Court for the Western District of Michigan transferred this 42 U.S.C. § 1983 prisoner civil rights to this Court. (ECF No. 3.) Plaintiff Daniel Wayne Whitted is incarcerated at the Monroe County Jail. Publicly available court records indicate that he is serving a jail term for his guilty plea conviction to second-degree retail fraud.[1]

Plaintiff sues the Monroe County Jail, two Monroe County officials, and four "website affiliated" individuals who Plaintiff claims investigate, monitor, and modify his behavior via body implants. (ECF No. 1, PageID.1-5.) Plaintiff seeks a medical scan to prove the existence of the devices, a federal prosecution of the

---

[1] *See State of Michigan v. Whitted*, 1st District Court – Monroe County, Case No. 2025-251851, accessed at https://micourt.courts.michigan.gov/case-search/court/D01.

1

individuals responsible, and one-billion dollars in compensatory damages. (*Id.* PageID.6.) The Court will summarily dismiss the complaint because the allegations are fantastic or delusional.

I.

Plaintiff has been granted permission to proceed in forma pauperis. The Prison Litigation Reform Act ("PLRA"), authorizes the Court to dismiss a prisoner complaint before service on a Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous complaints also include ones that are based on factual allegations that are "fantastic or delusional." *Id.*, 490 U.S. at 327-28.

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

II.

The allegations in Plaintiff's complaint were accurately summarized in the order transferring the case to this Court:

> In his pro se complaint, Plaintiff alleges that the Department of Corrections in Lake Butler, Florida, performed an "illegal" surgery on him while doing a right inguinal hernia repair in order to set up monitoring of his person. (*Id.*, PageID.3.) Plaintiff also states that several attempts were made to kill him in order to cover up the surgery, including an auto accident in Florida in 2019, as well as another accident on I-75 on an unspecified date. (*Id.*)
>
> Plaintiff asserts that the website which is monitoring him is run by Defendants Perron, Chambers, and William Fred Whitted, who is Plaintiff's father. (*Id.*) Plaintiff states that they have combined with other websites from Canada involving Plaintiff's ex-fiancée Defendant Chartier. (*Id.*) Plaintiff asserts that an additional two illegal surgeries were done to install military devices in his left hip and right heel, which were designed to torture Plaintiff and used radiation. (*Id.*, PageID.4.)
>
> Plaintiff asserts that an unnamed organization has his entire family connected to a neuro monitoring database and has been attempting to use mind control to sabotage his prior relationships. (*Id.*) Plaintiff states that the torture he is being subjected to is making him appear assaultive and that he knows that Defendant Massengill is aware of the modification of Plaintiff's brain. (*Id.*) Plaintiff states that his life is in danger and that several of his prior relationships are in danger of sex trafficking. (*Id.*, PageID.5.)
>
> Plaintiff seeks a "poison control investigation for radiation technology devices inside his body and a brain scan." (*Id.*, PageID.6.) Plaintiff asks that those individuals who have attempted to murder

3

>him and his ex-girlfriends and family members be subjected to federal prosecution. (*Id.*) Plaintiff also seeks damages. (*Id.*)

(ECF No. 3, PageID.11-12.)

III.

While courts do not generally possess the expertise necessary to diagnose mental illness, the Supreme Court has repeatedly held that courts may identify claims which are "so attenuated and unsubstantial as to be absolutely devoid of merit," are "wholly insubstantial," or are "obviously frivolous," because the courts "are without power to entertain [such] claims." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (quotations omitted). Whitted's allegations regarding devices being implanted into his body to harm him, and to monitor and control his and his family's behavior are paradigmatic examples of claims that are frivolous because they are fantastic or delusional. *See Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (district court did not abuse its discretion when it held that state inmate's claims related to tracking device that prison officials had allegedly implanted in his body to track his movements and thoughts were frivolous; *Abascal v. Jarkos*, 357 F. App'x 388, 390 (2d Cir. 2009) (dismissing as fantastic or delusional claim that prison doctors and officials were deliberately indifferent in using equipment to control plaintiff's thoughts and behavior and remotely inflict pain); *Johnson v. D.E.A.*, 137 F. App'x 680, 681 (5th Cir. 2005) (plaintiff's complaint alleging that the DEA implanted transmitter in his scalp, which caused

4

him to be "aggressively sought after for purposes of sexual reasons by many famous individuals" was factually frivolous); *Moore v. Robert*, No. 06-11911, 2006 U.S. Dist. LEXIS 76185, 2006 WL 2925303, at *1 (E.D. Mich. Oct.11, 2006) (dismissing claim that a microchip was implanted into plaintiff's brain and that his thoughts were being transmitted to a computer). Accordingly, Plaintiff's complaint is summarily dismissed as frivolous.

For the same reason, the Court certifies that any appeal by him would be frivolous and not undertaken in good faith. *See Alexander v. Jackson*, 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

IV.

Under 28 U.S.C. § 1915(e)(2), the Court summarily dismisses the complaint as frivolous.

**SO ORDERED**.

Date: November 4, 2025        s/F. Kay Behm
                              F. Kay Behm
                              United States District Court